IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SUSAN CATLIN,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE COMMUNITY COLLEGE et al.,<br><br>    Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:09-cv-00593-DAK-SA<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Samuel Alba |

    Before the court is a complaint filed by *pro se* Plaintiff, Susan Catlin. Plaintiff's complaint was filed on July 2, 2009 (Doc. 3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Doc. 1, 2). United States District Judge Dale A. Kimball, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on July 8, 2009, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 3, 4.) Due to the complaint's failure to state a claim on which relief may be granted, the court recommends that Plaintiff's complaint be dismissed.

## ANALYSIS

    Whenever the court authorizes a party to proceed without the prepayment of fees under the *in forma pauperis* statute, the court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted."

28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding *in forma pauperis*, Section 1915(e)(2)(B)(ii) applies to this case and the court reviews and screens Plaintiff's case before allowing it to proceed.

The court notes that Plaintiff is proceeding *pro se*. As a result, the court construes her pleadings liberally and holds her pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of her complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court notes that it is not its proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant. *See id.* The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff's 118-page complaint (including exhibits) alleges fifteen causes of action, which Plaintiff tries to support by setting forth a long story of her experience with certain individuals within the context of her taking college classes. Plaintiff's story relays, among many other things, her unhappy and strained relationships with certain people associated with the colleges she attended, grievances she filed within the college system, grievances filed against her within the college system, and discipline she received within the college system based on grievances filed against her. The court has carefully reviewed all of Plaintiff's lengthy complaint and

2

concludes, based on that careful review, that Plaintiff's complaint fails to state a claim on which relief may be granted.

Plaintiff's first cause of action is "negligence" by the employees of the colleges Plaintiff attended. Plaintiff supports this cause of action with a potpourri of duties allegedly breached by defendants, such as "[t]o tell the truth about their actions in the above situations; instead of the deception, fraud, and dishonesty"; "[t]o not treat Ms. Catlin as a criminal"; and "[t]he schools conspired and promoted the violations to Ms. Catlin to continue as she pursued her education at the University of Utah and Weber State University. . . ." (Doc. 3, at 48, 49.) However, Plaintiff does not set forth sufficient facts to adequately support her claim of negligence. Many of the statements in the complaint's lengthy Statement of the Case, from which the court seeks to find factual support for Plaintiff's allegations, generally amount to conclusory allegations rather than statements of fact. For example, the following quotes are samples of statements Plaintiff sets forth in her complaint to support her allegations that defendants conspired against her, and thus were negligent in breaching a duty of care toward her:

> At the same time Ms. Catlin learns her father died the day before, March 7th, on her birthday. Ms. Sanchez says there was no problem and she needs the information about the employee at SLCC. N. Sanchez purposely wrote up the information incorrectly. Instead of the hassling and taunting by Ms. Limansky, Sanchez writes up the problem with information being leaked. To obstruct justice; continue to conspire. She tells Ms. Catlin her Mother died on her Father's birthday.

(Doc. 3, at 18.)

> Co-conspirator Sanchez tells her that co-conspirator Limansky and Mitchell are dating. Though, this dating is just an act for the plot,

3

> later Ms. Catlin was told they were not dating. The stage set and plot by co-conspirator Orton and others twisting the dating. To imply Ms. Catlin in the complaint investigation, filed due to her being jealous of the dating. This manipulation unfounded and the fact Ms. Catlin found out about the dating the end of March. Again, untrue and part of the conspiracy to obstruct justice. Mr. Mitchell tells Ms. Sanchez to tell Ms. Catlin, he is sorry. For what, nothing changes, gets worse.

(Doc. 3, at 18-19.)

> Ms. Orton and Ms. Sanchez meet with Ms. Catlin; May 4, 2006. This was the night before Ms. Catlin's graduation. Ms. Orton tells Ms. Catlin the outcome of the investigation. That there was no wrong doing [sic] and no malice. And indirectly Ms. Catlin is being implied to be the blame. Ms. Orton tells Ms. Catlin that people can stare, run away from her every time they see her, put on sunglasses when they see her, and yell at her. Ms. Orton knew the details of what Ms. Catlin was alleging why talk her into filing a complaint then turn around and humiliated [sic] her with it. To protect SLCC, later Ms. Catlin would realize it was the furtherance key to set up the conspiracy. These employees worked as "partners in crime" with the other conspirators with this scheme.

(Doc. 3, at 21.)

> Co-conspirator Jacques doesn't talk to Constance Hughes, Assistant Attorney General. He does not get clearance, though he tells the plaintiff he does have clearance from the Dean. . . . Co-conspirator Jacques does not follow the policy of an attorney. Once an attorney is retained then attorneys speak to attorneys. This deemed collusion by attorney and Clark.

(Doc. 3, at 35.)

> The Plaintiff takes a course from a professor who misrepresents the class to her. The Professor it turns [out] knows the Plaintiff, yet won't acknowledge it. Seems they met on first names [sic] basis. Though, Ms. Catlin does not submit a picture or have her photo taken by WSU. The Professor knows who she is, yet when confronted denies it. Turns out that the surveillance cameras could

4

>   be used to get a photo of her. Or, better yet WSU and SLCC are
>   connected. WSU uses the SLCC for teaching classes and testing.
>   Meeting of the minds and causal linkage.

(Doc. 3, at 43.) The above quotations exemplify how, rather than stating facts, many of the statements in the "Statement of the Case," to which the court looks for factual support of Plaintiff's claims, are simply conclusory statements accusing Defendants of wrongdoing rather than actual statements of fact. Such statements do not provide the required factual support for any of Plaintiff's claims.

Furthermore, the majority of factual statements that are not actually conclusory allegations are facts setting forth Defendants' actions that–although they allegedly have caused grief and pain to Plaintiff–do not rise to the level of behavior that would support a federal cause of action. For example, Plaintiff describes romantic feelings that allegedly developed between her and Defendant Mitchell, and then describes how their relationship changed, how Mitchell allegedly lied to her, how Mitchell acted in an allegedly "offish" way toward her, and how Mitchell's work and class schedule allegedly resulted in her regularly seeing him. Such behavior may support Plaintiff's heartache and even humiliation, but it does not support that defendants breached a required duty of care, and thus does not support a claim of negligence.

Plaintiff's other fourteen causes of action suffer from the same or similar problems as Plaintiff's negligence claim. In addition to her negligence claim, Plaintiff states claims for: (1) intentional infliction of emotional distress; (2) deprivation of civil rights under color of law, 42 U.S.C. §§ 1983 and 1988; (3) defamation; (4) deprivation of civil rights; (5) Title II of the Americans with Disabilities Act of 1990; (6) retaliation against Plaintiff for filing ADA

5

Complaint Title VII; (7) violations of the Fifth and Fourteenth Amendments to the United States Constitution; (8) breach of contract; (9) conspiracy; (10) libel; (11) breach of policies and procedures; (12) fraud, deceit and wrongdoing against all defendants; (13) negligent infliction of emotional distress; and (14) retaliation in violation of the ADA, 42 U.S.C. § 12203. The court's careful review of each of these causes of action reveals that Plaintiff has failed to set forth sufficient factual averments to support the elements of each of these claims.

As set forth above, because Plaintiff is proceeding *pro se* in this case, the court construes her complaint liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). However, "[t]he broad reading of [Plaintiff's] complaint does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court has determined that Plaintiff has not met this burden.[1]

## RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to the *in forma pauperis* statute.

---

[1] Plaintiff's allegations reveal a possible tendency of Plaintiff to perceive others' actions as a conspiracy against her, and even possibly demonstrate that she may be suffering from some type of psychological delusions. The court is sympathetic to Plaintiff's unfortunate circumstances. These circumstances, however, have no effect on the court's duty under the *in forma pauperis* statute to dismiss Plaintiff's complaint once the court has determined that it fails to state a claim on which relief may be granted.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections upon subsequent appellate review.

DATED this 25th day of January, 2010.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge